*599 Tuesday, October 11. The Judges delivered their opinions.
Judge Tucker,
This was an action of trespass quare clausum fregit, brought by John Dishman against John Hard, for breaking and entering his close, and treading down his grass, and ploughing up the earth, and the soil thereof, and cutting down his wheat thereon growing, and converting the same to his own use; and taking and carrying away, and disposing of three beds, twelve chairs, and lOOOlbs. of bacon, of the plaintiffs, and converting the same to his own use; with a continuando from the first to the 21st day of June; and other wrongs done to the plaintiff, to his damage 500l.
The defendant, as to the breaking and entering and the whole trespass alleged, pleaded, first, not guilty; and for further plea, he said, that before the time of entering upon the close aforesaid, to wit, on the twelfth day of June, in the same year, he, the defendant, sued out of the office of the Court of Essex County, a writ in these words: The Commonwealth, &c. Whereas John Hard hath, as appeareth by the decree above prefixed, (which decree is no otherwise mentioned or set forth in the plea,) recovered against Samuel Dishman, (and twenty-three other persons, whose names are set forth,) his right and seisin, &c. of one tenement, &c. in the County of Essex, therefore the sheriff is commanded to cause the defendants as before named, to restore to the said John Hord the tenement, so that he have his seisin thereof, &c. and also, that he cause to be made the sum of forty cents for the costs of that writ, and also his legal fees for serving the same; which said writ afterwards was delivered to a sheriff of the said County to execute, by virtue whereof R. H. one of the deputy sheriffs of that County, restored to the said John the tenement aforesaid, as by return of the said deputy will more fully appear; which said entry is the same of which the said John Dishman now complains: without this, &c. *600 and -concludes with a verification: wherefore he prays judgment, &c. To which plea the plaintiff demurred generally. The Court gave judgment for the plaintiff. And on the trial of the issue.joined on the first plea, the Jury found a verdict for the plaintiff, with 60l. damages; for which the plaintiff had judgment, which was affirmed in the District Court.
It was observed by the counsel for -the appellant, though the observation was certainly against his client, that this plea ought to have concluded to the country. But all special pleas in bar, where any new matter, not before apparent upon the record, is alleged, ought to conclude as this does, with a verification, and a submission to the judgment of the Court upon the matter so alleged: which the opposite party may either take issue upon by a total denial of the facts alleged; or confess and avoid them; or admit them to be true, but deny their sufficiency in law to avail the party; as the plaintiff has done in the present case by a demurrer.
As this is a general demurrer, no defect in the plea that is not matter of substance is to be regarded. The objection insisted on by the counsel for the appellee is, that the defendant not being an officer should have pleaded the record of recovery, especially it being his own suit: and the authority in Britton v. Cole(a) is expressly to this effect; and. is confirmed by those in 1 Stra. 509.(b) 2 Stra. 992.(c) and 2 Wils. 385.(d) and by the precedent in Lilly’s Entries, 442. The words in the execution, as appeareth by the decree above prefixed\ are perfectly unintelligible of themselves, and do not aid this omission, any more than the usual words, “ whereof he is convict, as appears to us of “ record,” would any other execution. The reason why the party must plead in this manner, is, because he is necessarily supposed to be conusant of his own suit; and possibly he may have obtained a judgment before a Court not having jurisdiction of the case; in which case both the officer and the party will be trespassers. Or he may have *601 obtained a' judgment irregularly, and thereupon sued out execution, in which case if the judgment be afterwards vacated for irregularity, although the officer shall be excused, the party shall not.(a) And the record in this very cate shews the propriety of the rule. For, from the exhibits made a part thereof by the clerk, it appears that the decree referred to in the execution, was not a decree of Essex Court, from whence the execution issued ; but a decree ot the High Court of Chancery, from which the sheriff, in his return, acknowledges he had received notice under the hand of the clerk of that Court, that there was an appeal. A stronger case could not have occurred to evince the soundness of the rule in such cases.-
But this is not the only objection to the plea which strikes me. The trespass is alleged to have been committed on the first day of fune, with a continuando to the 21st. The justification is under a writ bearing date the twelfth day of fune. The trespass from the first day of fune to the 12th is not answered: the plea is consequently bad for that reason also. But further: the trespass in taking away three beds, twelve chairs, and 1000lbs. of bar con, and converting the same to his own use, is not answered, nor any notice taken of it, in any way whatsoever) in the second plea; which, were there no other objection, would vitiate it entirely. I therefore think the judgment must be affirmed, unless there be some incurable fault in the declaration; to which no exception whatever was taken in the argument at the bar, nor did any occur to myself) until it was mentioned by the presiding Judge. The objection is to the word whereas in the beginning of the declaration, which, according to ancient precedents in the Court of King’s Bench in England, has been held to be fatal, even after a verdict, (b) The Court of Common Pleas have struggled hard against this exception, holding that the declaration was aided by the original writ.(c) And *602 the King’s Bench have so far shewn a disposition to disregard this nicety, that in the case of Douglas v. Hall, which was a writ of error to a judgment in the Common Pleas, wherein a verdict had been rendered for the plaintiff, all the Judges of K. B. seemed to incline to affirm the judgment. And the 'reporter adds, “ To be spoken to “ again.” “ But I suppose it never was spoken to again, “ the plaintiff in error seeing the Court incline against “ him.”(a) In the ease of Ballard v. Leavell,(b) in this Court, which was after verdict, two of the Judges seemed to consider the objection as fatal; a third thought the word zvhereas might be rejected as surplusage; the fourth thought the defect cured by the statute of jeofails. I did not sit in that cause. But in this case there is a general demurrer; and the doctrine and practice has been too long established to be shaken upon a general demurrer by the plaintiff to the defendant’s plea, the rule being, that he who commits the first fault in pleading, shall never have judgment in his favour upon a general demurrer.(c) Upon these grounds I am of opinion, that the District Court ought to have given judgment for the defendant on the demurrer; not because his plea was good, either in form or substance; but that the plaintiff’s counsel, by demurring to it, has exposed his own faulty declaration to the scrutiny' of the Court.
Judge Roane.
On the point of the quod cum, the declaration, in the present case, is precisely like the one in the case of Ballard v. Leavell.(d) In that case, I declared it as my opinion, on due deliberation, that for this cause, the declaration was faulty in substance, because nothing was positively averred, nor put in issue: that the avei'ment, being the substance and gist of the action, the omission of it was not cured by the statute of jeofails; and that the plaintiff could not have judgment, on the declaration. To my opinion in that case, I beg leave to refer, as the ground of my present opinion. It was said by one of the *603 Judges, in that case, that the quod cum was mere surplusage, and would do no harm. I cannot, however, subscribe to that opinion. An averment in itself positive, may be rendered otherwise, by the insertion of qualifying words : and this I take to be the effect of the quod cum, in the case before us.
The declaration, then, being radically faulty, the case of Smith v. Walker, Executor of Michie,(a) and various other cases, shew us, that it is unnecessary to look into the subsequent pleadings, and consequently that the judgment of the District Court, in favour of the appellee, ought to be reversed, and entered for the appellant.
Judge Fleming concurred in opinion that the judgment must be reversed, on account of the defect in the declaration.
By the whole Court, (absent Judge Lyons,) the judgment of the District Court reversed.

 1 Ld. Raym. 309.

 Philips v. Biron.

 Smith v. Boucher.

 Perkin v. Proctor and Green.

 2 Wils 384, 385. Perkin v. Proctor and Green.

 1 Roll. Rep. 55 2 Ld. Raym. 1413. Dobbs v. Edmunds. 1 Stra. 621. Amyon v. Shore.

 1 Wils. 99. Douglas v. Hall. 3 Wils. 203. White v. Shaw. 2 Ld. Raym. 1413. in margine.

а) 1 Wils. 99, 100.

 Oct. 1805, MS.

 1 Wils. 100.

 Oct. 1805, MS.

 1 Wash. 135.